UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HERRMANN and DANA HERRMANN<br><br>　　Plaintiffs,<br><br>v.<br><br>CITY OF HACKENSACK, *et al.*,<br><br>　　Defendants. | Civil Action Number:<br>2:09-03076<br>(CONSOLIDATED)<br><br>[Civil Action Number:<br>2:10-02349]<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I.   INTRODUCTION

On May 7, 2010, Plaintiffs, Officer John Herrmann of the Hackensack Police Department ("HPD"), and Officer Dana Herrmann filed a two-count federal civil rights action against Defendant HPD Chief of Police, C. Kenneth Zisa, and others, alleging that the Defendants violated their constitutional rights. On July 30, 2010, Plaintiffs filed a two count Amended Complaint ("Complaint"). Defendants have filed a motion to dismiss. For the reasons elaborated below, the Court will **GRANT** in part, and **DENY** in part the motion.

### II.  FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

The gravamen of the Complaint is that the Hackensack Chief of Police, Defendant Zisa, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa's political career and the political career of those allied with them, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with Zisa, including those officers who refused to donate to Zisa and his allies' political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights.

Specifically, with regard to the two named Plaintiffs, the Complaint alleges Plaintiffs were told that they were expected to donate to Zisa's campaigns for public office.

Plaintiffs knew that other officers who did not donate faced repercussions. Out of fear for repercussions for not donating, Plaintiffs donated to Zisa's political campaigns over the course of 2000 to 2008.

The complaint further alleges that Defendant Sergeant Trezza told Plaintiffs that a failure to vote for candidate Clouse in the June 2008 PBA election and failing to show their votes to Sergeant Barrios – who stood in front of the ballot box – would result in retaliatory actions. The Plaintiffs did not reveal their votes to Barrios and Clouse lost the election. Afterwards, Trezza advised Plaintiff John Herrmann to buy tables for Zisa fundraisers in order to get back into Zisa's good graces.

In the summer of 2009 both Herrmanns were chosen by Sergeant Lloyd to be Field Training Instructors for new recruits. In January 2010, Lloyd presented Zisa with a list of candidates to go to school to become Active Simunition Training Instructors. John Herrman was the top candidate, but Zisa failed to choose Herrmann.

On October 19, 2009, John Herrmann dented a police vehicle bumper. Some time in December 2009, Captain Salcedo, an internal affairs officer, charged him with misuse of public property. The hearing was scheduled for January 7, 2010. Plaintiff chose Patrick Toscano, Esq. as his attorney, who filed a notice of representation with HPD. Toscano had represented other officers who were not supportive of Zisa's political campaigns. Shortly thereafter, Plaintiffs were removed from the list of Field Training Officers. On June 10, 2010, John Herrmann was charged with alleged misconduct in regard to a 2008 investigation. On July 9, 2010, John Herrmann received notice that he was being investigated for an incident that occurred on October 25, 2008. Herrmann argues that all these charges were retaliatory.

Count I asserts a First Amendment claim (freedom of speech and freedom of association) and a Fourteenth Amendment claim under 42 U.S.C. § 1983 against Chief Zisa, Captain Salcedo, and Sergeant Trezza. Count II makes a Section 1983 claim against HPD and the city of Hackensack.

### III. STANDARD OF REVIEW

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary

elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

At the outset the Court notes that Plaintiffs have not actively contested several of Defendants' defenses. For example, John Herrmann was unwilling to seek payment from Zisa for acting as a disc jockey at certain Zisa fundraisers. These events happened between 1998 and 2000. The two year statute of limitations runs from May 7, 2008. These events are barred, as Plaintiffs have not shown any continuing violation. Punitive damages are not available against either Hackensack or the individual defendants in their official capacity. No Section 1983 liability lies against the HPD and it should be dismissed.

Defendants assert a variety of defenses. This opinion addresses each in turn.

*1. First Amendment Free Speech Claim.* "To state a First Amendment retaliation claim, the plaintiff must allege that (1) the plaintiff's conduct was protected by the First Amendment because it addressed a matter of public concern, (2) the plaintiff was retaliated against, and (3) the protected conduct was a substantial or motivating factor in the alleged retaliation." *Myers v. County of Somerset*, 515 F. Supp. 2d 492, 500-01 (D.N.J. 2007). Defendants assert that the Complaint fails to specify any protected speech that was a matter of public concern, and fails to specify any retaliation. The Court disagrees. Plaintiffs' failing to show their PBA election vote card to Barrios and their implicit vote for Inglima (the candidate who prevailed over Clouse) appears to be protected speech. This Court has already held that PBA elections, although not to government office, are matters of public concern. *See Aiellos v. Zisa*, 2009 WL 3424190, at *6 (D.N.J. Oct. 20, 2009). Alleged retaliatory conduct included: (1) failure to select John Herrmann for Active Simunition Training Instruction; and removal from the list as a Field Training Instructor; and (2) trumped up disciplinary charges. *See Bennis v. Gable*, 823 F.2d 723 (3d Cir. 1987) ("As we read those cases, the constitutional violation is not in the harshness of the sanction applied, but in the imposition of any disciplinary action for the exercise of permissible free speech. The first amendment is implicated whenever a government employee is disciplined for his speech." (footnote and quotation marks omitted)). Furthermore, threats are cognizable as retaliatory conduct. *McClintock v. Eichelberger*, 169 F.3d 812, 819 (3d Cir.1999). It appears that both Herrmanns can make out a Free Speech claim.

*2. First Amendment Freedom of Association Claim.* The legal test to be applied to a freedom of association claim is found in the *Elrod-Branti-Rutan* trilogy.[1] Under this

---

[1] *Elrod v. Burns*, 427 U.S. 347, 359 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980); *Rutan*

3

standard, to make a out a prima facie case, the plaintiff must show: (1) he was an employee of a public agency in a position that does not require political affiliation; (2) the employee maintained a political affiliation; and (3) that political affiliation was a substantial or motivating factor in a retaliatory adverse employment decision by the government. Defendants assert that Plaintiffs fails to specify the protected association. The protected association was the right not to associate, i.e., the right not to vote for Zisa's preferred PBA candidate, and the right not to donate to Zisa's campaign. *See Elrod*, 427 U.S. at 350; *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 272-74 (3d Cir. 2007). (For the alleged retaliatory conduct, see, *supra*, Part IV[1].) Again, it appears that both Herrmanns can make out a Freedom of Association claim.

*3. Fourteenth Amendment Violation*. Defendants argue that Plaintiffs purported Fourteenth Amendment claim fails to state a claim. The Court agrees. The Complaint fails to specify what specific liberty or property interest Plaintiffs were denied, or how the procedures for determining Plaintiffs rights were insufficient. In short, the claim fails under *Twombly*. Plaintiffs try to buttress their claim by filling in the details of their Due Process claim in their opposition brief. This will not do. It is the Complaint that must contain the factual allegations giving rise to the claim. Certainly, they cannot ground a procedural due process claim in alleged threats surrounding their hiring Toscano. There is no allegation that they fired Toscano in response to those threats or that the proceedings in which Toscano represented them were in any way effected by those alleged threats.

*4. Claim Against Hackensack*. Defendants argue that they have shown that no constitutional rights violations have occurred, and that liability against the municipality is derivative: i.e., it only lies against the municipality if an individual Defendant working for the municipality violated Plaintiffs' constitutional rights. The Court has not dismissed the First Amendment claims, and, therefore, it will not dismiss the derivative claims against Hackensack, at least based on the particular defense asserted here.

## V.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** in part, and **DENIES** in part Defendants' motion. Specifically, any Section 1983 claim in connection with events prior to May 7, 2008 is barred. Punitive damages are not available against either Hackensack or the individual defendants in their official capacity. No Section 1983 liability lies against the HPD and it should be terminated from this action. Plaintiffs Fourteenth Amendment substantive due process claim and procedural due process claim are dismissed. All other relief is **DENIED**.

                                                               s/ William J. Martini
**DATE: March 16, 2011**                            **William J. Martini, U.S.D.J.**

---

*v. Republican Party of Ill*., 497 U.S. 62 (1990).

                                                                                 _____

**DATE: March \_\_, 2011**　　　　　　　　　　　　**William J. Martini, U.S.D.J.**